GUNDERSON LAW FIRM
Mark H. Gunderson, Esq.
Nevada State Bar No. 2134
Courtney G. Forster, Esq.
Nevada State Bar No. 10775
3895 Warren Way
Reno, Nevada 89509
Telephone: 775.829.1222
Facsimile: 775.829.1226

NELSON ◊ GRIFFIN LLP
Larry R. Nelson (Bar Number 2424)
800 West 6th Street, Suite 788
Los Angeles, California 90017
Telephone: 213.833,0155
Facsimile: 213.833.0160

Attorneys for Vadonna G. and Jeffrey Rivera

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

In re:

DAVID JOHN KAPLAN

Debtor.

DAVID JOHN KAPLAN,

Plaintiff

v.

VADONNA G. RIVERA and JEFFREY RIVERA,

Defendants.

Case No. 3:11-cv-00772-RCJ–VPC

**REQUEST FOR ORAL ARGUMENT**

Hearing Date:
Hearing Time:
Courtroom:

DAVID JOHN KAPLAN,

Plaintiff

v.

SHARON ELIZABETH CONNELL; CARLOS TOMAS ARAIZA; AND JOSE RAMON NUNO-GODINEZ,

Defendants.

/

Case No. 3:13-CV-145-RCJ-WGC

**MOTION TO CONSOLIDATE**

Defendants VADONNA G. RIVERA and JEFFREY RIVERA (collectively, "the Riveras"), by and through their counsel of record Larry Nelson, Esq. and Courtney G. Forster, Esq., file this Motion to Consolidate. This Motion is made and based upon Federal Rule of Civil Procedure 42(a), the following memorandum of points and authorities, the pleadings on file in this case, and any oral argument the court chooses to entertain.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Introduction**

David Kaplan ("Kaplan") has filed two lawsuits to recover damages for back injuries he has allegedly suffered. In the first lawsuit, Kaplan claims that a non-contact encounter with the Riveras' dog caused him so much harm that he has incurred approximately $326,250.00 in medical expenses and lost wages. In the second lawsuit, Kaplan claims that a rear-end traffic accident occurring one year after the dog encounter caused him so much harm that he incurred approximately $328,000.00 in medical expenses and lost wages.

Kaplan is claiming damages from the Riveras for medical expenses incurred both before and after the traffic accident. Kaplan's treating physician has testified that it is very difficult, if not impossible, to determine how much of Kaplan's purported injuries are due to the dog encounter and how much is due to the traffic accident. Kaplan's own damages calculations show that he is seeking money from the Riveras for damages, such as body damage to his vehicle and lost wages, that unquestionably arose out of the traffic accident.

GUNDERSON LAW FIRM
A PROFESSIONAL LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

Consolidation of these two lawsuits will ensure that there is no overlap or inconsistency in the damages awarded to Kaplan for these claimed injuries. To keep the two cases apart would waste judicial resources, requiring two separate trials on nearly identical damages claims, and would lead to confusion in the finders of fact. For these reasons, the two lawsuits must be consolidated.

## II. Factual Summary

In his First Amended Complaint, Kaplan alleges that, on March 18, 2009, the Riveras' dog jumped up against the door of the car in which Kaplan was sitting. *See* First Amended Complaint, attached as Exhibit "1." Although he was not touched or otherwise contacted by the dog in any way, Kaplan alleges that the dog's approach caused him to "turn[] and twist[] his body with great force and violence to avoid being bitten." Exhibit 1, 3:10-11.

Eleven months after his encounter with the Riveras' dog, in February 2010, Kaplan began seeing Dr. James R. Rappaport ("Dr. Rappaport"), a specialist in spinal surgery and orthopaedic surgery, to address issues of an abnormal disk and associated facet joints bulging in his back. *See* Deposition of Dr. James R. Rappaport, attached as Exhibit "2," at 5:21–6:3; 8:12-18. Kaplan told Dr. Rappaport that his back issues were the result of his encounter with the Riveras' dog, though Dr. Rappaport was unable to determine whether that encounter was in fact the cause of the apparent injury. Exhibit 2, 15:20–16:9. Dr. Rappaport performed surgery on Kaplan's back on March 16, 2010. Exhibit 2, 23:14-15. Less than two months later, on May 5, 2010, Kaplan indicated to Dr. Rappaport that there was "90-percent improvement of his pre-operative symptoms, in other words, 90-percent of the symptoms were gone as of that date." Exhibit 2, 24:9-12.

However, the night before this May 5, 2010 meeting with Dr. Rappaport at which he reported his symptoms to be 90% cured, Kaplan was allegedly involved in a rear-end collision with two other vehicles. According to Kaplan, at approximately 8:30 pm, Kaplan was stopped at a red light at an intersection in Reno, Nevada. *See* Complaint, attached as Exhibit "3," at 3:17-18. While he was stopped at this intersection, Kaplan alleges that a sports utility vehicle rear-ended the pickup truck stopped behind Kaplan, causing the pickup to rear-end Kaplan's own sports-utility vehicle. Exhibit 3, p. 2–4. Kaplan claims that, as a result of this collision, he sustained "serious injuries, especially to his neck, shoulders and back." Exhibit 3, 4:19-20.

GUNDERSON LAW FIRM
A PROFESSIONAL LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

The next month, in June 2010, Kaplan reported a deterioration in his condition to Dr. Rappaport. Exhibit 2, 24:23-25:1. Although he had previously reported a 90% improvement to his symptoms, by June 2010 Kaplan stated that his pre-surgery symptoms had only decreased by 30%. *Id.* Kaplan had an MRI performed on June 11, 2011; Dr. Rappaport testified that this MRI showed "facet degenerative changes" and that Kaplan had reported increased pain after the May 4, 2010 traffic accident, but that he could not say the degeneration was related to the traffic accident based on those factors. Exhibit 2, 28:24–29:4. However, Dr. Rappaport did testify that "the timing showed that [the traffic accident] was related because he was doing well, then following the accident he had additional complaints, and took a step back, which seemed to make it related to the accident." Exhibit 2, 29:5-8.

On May 16, 2011, just over two years after his encounter with the Riveras' dog and one year after his traffic accident, Kaplan filed his lawsuit against the Riveras ("Rivera Lawsuit") claiming that his injuries (the turning and twisting motion he allegedly performed to avoid the dog) caused him to suffer pain and required medical attention and surgical care. Exhibit 1, 3:16-17. Kaplan claimed damages for "medical treatment and attention, including hospitalization" in excess of $100,000.00, plus lost wages in the amount of $26,250.00 because he was unable to "perform self-employment duties" as a "tax preparer and business consultant" for a period of 75 weeks, or approximately one and a half years. Exhibit 1, 5:5-16.

Two months later, on July 12, 2011, Dr. Rappaport performed a second surgery on Kaplan's back. Exhibit 2, 34:21–35:1.

On March 9, 2012, Kaplan submitted his FRCP 26(a)(1) initial disclosures in the Rivera Lawsuit. In those disclosures, Kaplan claimed that his medical damages were "in excess of $300,000.00," but he was unable to make a final calculation as he was awaiting billing records. *See* Plaintiff David John Kaplan's Initial Disclosures, attached as Exhibit "4," at 7:25-27. There was no computation of the $300,000.00 in claimed damages, nor were these damages broken down by category. *Id.* Kaplan also did not explain why his claimed damages had increased from approximately $126,250.00 to $300,000.00 in the intervening months after filing his First Amended Complaint. Kaplan also did not identify any damages for allegedly lost wages in these mandatory

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

disclosures. *Id.* Kaplan has never supplemented these disclosures with an updated calculation of his damages. *See* Declaration of Larry Nelson, Esq., filed with this Motion.

Two months after claiming these damages against the Riveras, on May 3, 2012, Kaplan filed a lawsuit against Sharon Elizabeth Connell, Carlos Tomas Araiza, and Jose Ramon Nuno-Godinez related to his traffic accident ("Traffic Lawsuit"). In that Complaint, Kaplan alleged that, as a result of his injuries, he has "reasonably incurred necessary expenses for medical and surgical advice and treatment, X-rays, hospitalization, physical therapy, chiropractic treatments, and medicinal supplies in the approximate amount of $280,000." Exhibit 3, 4:21-24. Kaplan also alleged that he was "unable to work on a full time basis for several months," suffering loss of wages in the amount of $48,000. Exhibit 3, 5:2-5. Kaplan did not explain how any of these damages were calculated. *Id.*

## III. Argument

Federal Rule of Civil Procedure 42(a) provides that, if "actions before the court involve a common question of law or fact," the court may consolidate those actions. This decision is within the broad discretion of the district court. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In addition to common questions of law or fact, the district court must "weigh the interests of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F.Supp.2d 1027, 1028 (N.D. Cal. 2003).

Although the factual circumstances that gave rise to these two lawsuits do not overlap, the damages claimed by Kaplan in each of them unquestionably do. This overlap in damages is very likely to lead to incompatible verdicts between the two cases, prejudicing the defendants and wasting this Court's judicial resources. Furthermore, because the facts that give rise to the two lawsuits are very straightforward, while the testimony of damage allocation related to those two incidents are fairly complex, the likelihood of confusion as a result of consolidation is very low: upon consolidation, the finder of fact will be able to hear the full set of circumstances surrounding Kaplan's alleged back injuries and can make the appropriate decision on allocation among all involved parties. For these reasons, the two lawsuits must be consolidated.

GUNDERSON LAW FIRM
A PROFESSIONAL LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

### *A. Common Questions of Fact Exist Between the Two Lawsuits.*

The primary concern for courts in determining whether to consolidate lawsuits is whether they involve a "common question of law or fact." FRCP 42(a). Both the Rivera Lawsuit and the Traffic Lawsuit involve extremely similar, and overlapping, damages claims. In both lawsuits, Kaplan is seeking overlapping – or identical – damages for medical expenses, lost wages, and damage to his vehicle. These coinciding questions of fact mandate consolidation of the two cases.

#### i. Kaplan's back surgeries constitute overlapping damages in both lawsuits.

Kaplan's purported back injuries, and related surgeries, overlap in both the Rivera Lawsuit and the Traffic Lawsuit. Kaplan claims to have injured his back avoiding the Riveras' dog on March 18, 2009. Exhibit 2, 15:20–16:9. He received surgery on his back related to this purported injury on March 16, 2010. Exhibit 2, 23:14-15. On May 5, 2010, he told his doctor that his symptoms had reduced by 90%. Exhibit 2, 24:9-12. However, the night before Kaplan told his doctor about the 90% reduction in his symptoms, Kaplan was involved in the alleged traffic accident. Exhibit 3 at 3:17-18. A month later, in June 2010, Kaplan lowered his recovery from 90% reduction in symptoms to 30% reduction in symptoms. 24:23-25:1. How much of this reduction is attributable to the traffic accident is unclear and, based on the testimony from Kaplan's surgeon, may be impossible to determine. Exhibit 2, 28:24–29:4.

Furthermore, Kaplan claims $300,000.00 in medical expenses in the Rivera Lawsuit and $280,000.00 in medical expenses from the Traffic Lawsuit, but he has failed to compute any of those damages for the Riveras as required by FRCP 26(a)(1)(A)(iii).[1] Without question, based on Kaplan's Pretrial Disclosures, Kaplan is claiming medical expenses from the Riveras related to the second, post-traffic accident surgery. *See* Plaintiff's Pretrial Disclosures, attached as Exhibit "5," at 4:8-9 ("Medical Records pertaining to Plaintiff's second surgery at St. Mary's Hospital pertaining to the second cyst after the motor vehicle accident.").

---

[1] As FRCP 26(a)(1)(A) disclosures are not filed with the Court and are therefore not public record, the Riveras do not have access to what damages computations, if any, Kaplan has provided in the Traffic Lawsuit.

GUNDERSON LAW FIRM
A PROFESSIONAL LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

Despite a clear overlap between his injuries, and the extreme likelihood that the second surgery was caused primarily by the traffic accident, Kaplan is seeking damages from the Riveras for both surgeries. Based on his allegations in the Complaint and the dollar amount of claimed damages in the Traffic Lawsuit, Kaplan appears to be claiming the same medical costs for both surgeries in the Traffic Lawsuit as well. Without question, there are significant overlapping medical expenses in both cases, necessitating consolidation.

**ii. Kaplan's lost wages also overlap between the two lawsuits.**

To begin, Kaplan claims lost wages in the Rivera Lawsuit. In his First Amended Complaint, Kaplan claims $26,250 in lost wages against the Riveras; these are calculated as $350.00 of weekly income lost over the course of 75 weeks. Exhibit 1, 5:13-16. Kaplan testified at his deposition that he calculated these lost wages from the date of the dog incident forward. *See* Deposition of David Kaplan, attached as Exhibit "6," at 17:17-24. Kaplan also claims lost wages in the Traffic Lawsuit. Calculating this period of claimed lost wages forward from the date of the dog encounter shows a significant overlap between the two lawsuits: seventy-five weeks after March 18, 2009 is August 25, 2010 – over three months, or approximately sixteen weeks, *after* the May 4, 2010 accident described in the Traffic Lawsuit.[2]

However, this overlap is likely much greater than just sixteen weeks. In his deposition, Kaplan testified that he was actually disabled for longer than 75 weeks, but that he only made that allegation in his complaint because "at the time [he] prepared the complaint, that's what [he] believed the disability period to be," and that he now believes that "disability period" to be longer. Exhibit 6, 18:22–19:3. Kaplan did not explain what he meant by "disability period." *Id.* Kaplan also testified that he performed tax preparation work for one client through "April 2009" (Exhibit 6, 31:24–32:1), for another client "in the early part of 2010" and, for several other clients, in 2012 "and all of the preceding years," indicating that his alleged disability period was neither continuous nor a total prohibition on his work. Exhibit 6, 30:19–31:8.

---

[2] In the Traffic Lawsuit, Kaplan claims $48,000 of lost wages; based on the weekly income claimed in the Rivera Lawsuit, this is 137.1429 weeks of lost wages. Exhibit 3, 5:2-5.

GUNDERSON LAW FIRM
A PROFESSIONAL LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

Kaplan is suing both the Riveras and the defendants in the Traffic Lawsuit for lost wages, but Kaplan's own testimony shows a serious overlap in those damages between the two suits. By his own admission, Kaplan's purported lost wages claim against the Riveras extends far beyond the date of the alleged traffic accident. His statements that he did continue to work during this period, combined with the claim that his "disability period" was longer than 75 weeks, indicates a high likelihood of an even greater overlap in claimed damages between the two lawsuits. This serious overlap in claimed damages mandates consolidation.

**iii. Kaplan is suing the Riveras for damage to his vehicle in the traffic accident.**

Finally, Kaplan is unquestionably attempting to hold the Riveras liable for damage his vehicle incurred in the accident described in the Traffic Lawsuit. In his Pretrial Disclosures, Kaplan identifies a "repair estimate pertaining to May, 2010 Motor Vehicle accident" as documents he expects to offer in the Rivera Lawsuit. Exhibit 5, 4:15 and 4:25. Kaplan has never produced these documents to the Riveras, a clear violation of his duties under FRCP 26(a)(1)(A). Declaration of Larry Nelson, Esq.

The Riveras have absolutely no liability to Kaplan for damages to his vehicle related to the traffic accident. That Kaplan is claiming those damages from them again emphasizes how significantly the factual issues of damages overlap in the Rivera Lawsuit and the Traffic Lawsuit.

***B. Defendants will be Seriously Prejudiced if the Lawsuits are Not Consolidated.***

The next factor for the district court to consider is whether there will be any prejudice from consolidating, or failing to consolidate, the two lawsuits. *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F.Supp.2d at 1028. As described in detail above, Kaplan is unquestionably suing the defendants in the Rivera Lawsuit for damages related to the Traffic Lawsuit. The reverse is also quite likely, as Kaplan claims to have incurred nearly identical amounts of medical costs in both lawsuits: $300,000.00 in the Rivera Lawsuit and $280,000.00 in the Traffic Lawsuit.[3] As it is

[3] Tellingly, Kaplan's total claimed damages in both lawsuits are less than two thousand dollars apart: when the damages for both medical expenses and lost wages are combined, Kaplan is seeking $326,250.00 in the Rivera Lawsuit and $328,000.00 in the Traffic Lawsuit. In his pending bankruptcy, in which both the Rivera Lawsuit and the Traffic Lawsuit were initially filed, Rivera claims a total of $334,057.17 in outstanding liabilities; based on his most recent list of creditors

already explicitly clear that Kaplan is suing the Riveras for expenses he incurred as a direct result of the alleged traffic accident, this extreme similarity in medical expenses – combined with Kaplan's utter failure to provide any type of computation of each category of claimed damages – indicates a high likelihood that Kaplan is suing all defendants in both lawsuits for the total amount of damages he has purportedly suffered, regardless of the source. If such overlapping damages were to be evaluated separately, in two entirely different trials, the probability of prejudice against the defendants arising out of inconsistent judgments is extremely high.

Kaplan's own medical expert has testified that Kaplan's second surgery was likely the result of the alleged traffic accident, though he freely admitted that he could not determine which incident – if either of them at all – was the cause of Kaplan's claimed back injuries. Exhibit 2, 29:5-8. This uncertainty puts the defendants in both the Rivera Lawsuit and the Traffic Lawsuit in a very difficult position, as the finders of fact in each case could reach wildly different conclusions about allocating damages between the two sets of defendants.

The only way to avoid these incompatible judgments would be to try the two cases together, ensuring that the finder of fact properly allocates any awarded damages between the two sets of defendants. To do otherwise would be to invite prejudice against the defendants, and possibly against Kaplan, arising out of two incompatible and inconsistent awards.

### *C. Judicial Convenience Mandates Consolidation.*

A third factor for the court to consider in consolidation is judicial convenience. *Paxonet Communications, Inc.*, 303 F.Supp.2d at 1028. Both the Rivera Lawsuit and the Traffic Lawsuit are currently pending before this very court. *See* Acknowledgement of Case Transfer [Traffic Lawsuit] filed March 22, 2013, attached as Exhibit "9." Consolidating these two cases would ensure that this court does not hold two separate trials on identical damages claims.

### *D. There is Little Potential for Confusion or Delay.*

The final factor for this court to weigh is whether there could be confusion or delay caused by consolidation. *Paxonet Communications, Inc.*, 303 F.Supp.2d at 1028. Because the facts that

---

and debts owed, less than $8,000.00 of these debts are related to medical expenses. *See* Amendment Cover Sheet filed August 9, 2011, attached as Exhibit "7," at p. 3; Form 6 Schedules filed on December 23, 2010, attached as Exhibit "8", at p. 10, p. 13-35.

GUNDERSON LAW FIRM
A PROFESSIONAL LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

give rise to both lawsuits are so simple – a brief encounter with a dog and a rear-end traffic accident – the likelihood of confusion on those issues is very low. Similarly, the likelihood of confusion on the damages issues is also minimal, as the finder of fact in the consolidated action will be able to hear the entire sequence of injuries and damages claimed by Kaplan, including testimony from those persons who treated Kaplan for both purported injuries at the same time, and can allocate blame among the parties accordingly. On the other hand, if the two cases were to be tried separately, the finder of fact in the Rivera Lawsuit would repeatedly hear discussions about the traffic accident without having the benefit of testimony from the actual participants in that accident. Similarly, the finder of fact in the Traffic Lawsuit would hear reference to the dog encounter without the benefit of a full explanation of the circumstances surrounding that incident. This would likely create far more confusion in the finder of fact than consolidation of the two lawsuits ever would.

Finally, the likelihood of delay is minimal. Discovery has already opened in the Traffic Lawsuit and is presumably ongoing. *See* Joint Report of the Parties' Initial Conference, filed in the Traffic Lawsuit on June 3, 2013, attached as Exhibit "10." Pretrial disclosures are due in that case in December 2013. *Id.* As the Rivera Lawsuit is scheduled to begin trial in August 2013, delaying that trial until the Traffic Lawsuit is scheduled should only be a delay of a few months. This is an insignificant delay in light of the multitude of factors weighing in favor of consolidation.

## IV. Conclusion

Consolidation of these two cases is the only way to ensure that any damages Kaplan has allegedly suffered are properly, and fairly, allocated between the defendants in the Rivera Lawsuit and the Traffic Lawsuit. As the two cases currently stand, the claimed damages are inextricably intertwined: Kaplan has freely admitted that he is seeking damages from the Riveras related to his purported traffic accident. His own treating physician has testified that he cannot readily distinguish between injuries caused by the dog encounter and those caused by the traffic collision. Kaplan appears to be claiming lost wages for the exact same time period from both the Riveras and the Traffic Lawsuit defendants. This extreme level of overlap between two separate lawsuits is very

GUNDERSON LAW FIRM
A PROFESSIONAL LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

likely to result in two incompatible verdicts, prejudicing all parties involved and wasting this Court's judicial resources. For these reasons, the two lawsuits must be consolidated.

DATED this 25 day of July, 2012.

GUNDERSON LAW FIRM

By: [signature]
Mark H. Gunderson, Esq.
Nevada State Bar No. 2134
Courtney G. Forster, Esq.
Nevada State Bar No. 10775
Attorneys for Vadonna & Jeffrey Rivera

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the law office of GUNDERSON LAW FIRM, and on the 25 day of June, 2013 I e-filed the **MOTION TO CONSOLIDATE** and a copy will be electronically mailed by the United States District Court-District of Nevada through CM/ECF to the following:

**Bradley P. Elley, Esq.** – bpelleylaw@sbcglobal.net
**Douglas R. Rands, Esq.** – drands@rsgnvlaw.com

Pursuant to NRCP 5(b), I certify that I am an employee of the law office of GUNDERSON LAW FIRM, and that on the 25 day of June, 2013, I deposited for mailing in Reno, Nevada, a true and correct copy of the **MOTION TO CONSOLIDATE,** addressed to:

David John Kaplan
7455 Desert Plains Drive
Sparks, NV 89436

Brandy Ellison

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

# EXHIBIT LIST

| Exhibit # | Description |
| --- | --- |
| Exhibit "1" | First Amended Complaint (Rivera) |
| Exhibit "2" | James Rappaport Deposition Transcript |
| Exhibit "3" | Complaint (Connell) |
| Exhibit "4" | Kaplan's Initial Disclosures (Rivera) |
| Exhibit "5" | Kaplan's Pretrial Disclosures (Rivera) |
| Exhibit "6" | David John Kaplan Deposition Transcript |
| Exhibit "7 " | BK "Amendment Cover Sheet" filed 8/9/2011 |
| Exhibit "8" | BK Form 6 Schedules filed 12/23/2010 |
| Exhibit "9" | Acknowledgment of Case Transfer filed 3/22/2013 |
| Exhibit "10" | Joint Report of the Parties Initial Conference (Connell) filed 6/3/2013 |