UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| *In re* DAVID JOHN KAPLAN | |
| DAVID JOHN KAPLAN, | |
| Plaintiff, | 3:11-cv-00772-RCJ-VPC |
| vs. | **ORDER** |
| VADONNA RIVERA et al., | |
| Defendants. | |
| DAVID JOHN KAPLAN, | |
| Plaintiff, | 3:13-cv-00145-RCJ-WGC |
| vs. | **ORDER** |
| SHARON ELIZABETH CONNELL et al., | |
| Defendants. | |

These two adversary proceedings are referred from the Bankruptcy Court in the same bankruptcy case. The '772 Case arises out of a March 18, 2009 incident where a dog allegedly attacked Plaintiff, causing him to injure himself as he twisted away to avoid a bite. The '145 Case arises out of a May 4, 2010 car accident in which Plaintiff was injured. Pending before the Court are a Motion to Consolidate (ECF No. 53) and a Motion to Reconsider (ECF No. 50). For the reasons given herein, the Court denies the motions.

///

## I. CONSOLIDATION OF RELATED CASES

Defendants ask the Court to consolidate the present cases because of common factual issues of causation. *See* Fed. R. Civ. P. 42(a)(2). Defendants argue that Plaintiff seeks the same amount of damages in both cases, or nearly the same amount. Two of the three Defendants in the '145 Case have filed a Notice of Non-Opposition to the Motion to Consolidate. Plaintiff has opposed the motion. Plaintiff argues that it would be unfair to consolidate the cases now when Defendants previously indicated their opposition to Plaintiff's own indication that he might move to have the cases consolidated. Plaintiff also notes that the '772 Case is ready for trial, but the '145 Case is not. He also argues that the '145 Case will likely settle for $15,000 based upon the policy limits of the only '145 Defendant with insurance coverage, and that the '145 Defendants are otherwise judgment-proof. Plaintiff also wishes for the trial in the '772 Case to go forward at this time because he has been ordered in the underlying bankruptcy case to make payments on his residence or risk a lift of the automatic stay, and he wishes for the Trustee to be able to use any potential proceeds of a verdict in the '772 Case to aid him in making those payments. The Court will not consolidate the trials. The second case is not properly ready for trial, and the Court does not wish to delay trial in the first case. Finally, if necessary, the Court can avoid any double-recovery in the second case via jury instructions based upon issues precluded by the first trial.

## II. RECONSIDERATION OF DENIAL OF JURY TRIAL

Defendants in the '772 Case have also asked the Court to reconsider its previous denial of their motion to designate the action as a jury trial. The Court denies the motion. Plaintiff originally demanded a jury trial in the '772 Complaint. The Court noted that the jury demand in the Complaint evaporated when Plaintiff filed the First Amended Complaint ("FAC"), which included no demand for a jury trial, and that the Answer, which was an answer to the FAC, contained no jury demand. Defendants note that a jury demand in a complaint cannot be withdrawn without the consent of all parties. *See Travelers Indem. Co. v. State Farm Mut. Auto.*

1  *Ins. Co.*, 330 F.2d 250, 258 (9th Cir. 1964).  But the antecedent question is whether Plaintiff
2  properly made any jury demand.  A court of another district has ruled that when a jury demand is
3  made in a complaint that is served upon some defendant, any defendant may rely on that demand
4  to secure his own right to a jury trial even if he fails to separately demand a jury trial in his own
5  answer and the plaintiff later files and serves an amended complaint with no jury demand.  *See*
6  *Thomson v. Jones*, 102 F.R.D. 619, 621–22 (N.D. Ill. 1984).  But the Court of Appeals for the
7  Federal Circuit has distinguished that case, ruling that a defendant who fails to demand a jury
8  trial in his answer to an amended complaint that also lacks a jury demand cannot rely upon a jury
9  demand made in an earlier version of the complaint that was served upon no defendant.  *See Am.*
10 *Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1534 (Fed. Cir. 1993) (citing *id.*).  Although not
11 binding on this Court, that ruling is clearly correct, because no jury demand is properly made
12 under Rule 38(b) unless the demand is served upon some defendant.  The inclusion of a jury
13 demand in an unserved complaint is no more legally operative than is an unserved complaint
14 itself.  Plaintiff filed the '772 Case in the Bankruptcy Court on March 17, 2011.  No certificate of
15 service for the Complaint appears in the Bankruptcy Court's docket or the docket of the present
16 case in this Court, and Defendants attach no proof that the Complaint was served upon either of
17 them.  Defendants are not parties to the underlying bankruptcy action, so electronic service upon
18 them was not accomplished automatically when the Complaint was filed.  There is only a
19 certificate of service in the bankruptcy docket as to the FAC, which does not include a jury
20 demand, and Defendants' Answer to the FAC—the only answer they made, because no answer to
21 the unserved Complaint was required—includes no jury demand.
22 ///
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 50) and the Motion to Consolidate (ECF No. 53) in Case No. 3:11-cv-772 are DENIED.

IT IS FURTHER ORDERED that the Motion to Consolidate (ECF No. 8) in Case No. 3:13-cv-145 is DENIED.

IT IS SO ORDERED.

Dated this 19th day of July, 2013.

_____
ROBERT C. JONES
United States District Judge